UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARCOS MIRANDA-SANCHAEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:16-cv-00405-WTL-DKL |
| ) | |
| FLOYD CO. JAIL et al., ) | |
| DEPUTIES OF SHERIFF OF FLOYD CO., ) | |
| JAMES D. SPRINKLE Inmate -- C.I. -- ) | |
| Suspect, ) | |
| KEITH ANDREW HENDERSON Prosecuting ) | |
| Atty. -- Floyd Co., ) | |
| ) | |
| Defendants. ) | |

**Entry Assessing Initial Partial Filing Fee, Dismissing Complaint, Denying Motion for Counsel, and Directing Plaintiff to Show Cause**

### I. Motions

The plaintiff's motion to proceed *in forma pauperis* [dkt. 2] is **granted to the extent that** he is assessed an initial partial filing fee of Four Dollars and Seventy-Eight Cents ($4.78). He shall have **through November 30, 2016, to pay this sum to the Clerk of the Court.**

The plaintiff's motion for the appointment of counsel [dkt. 3] is **denied as premature.** The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013).

### II. Screening

Plaintiff Marcos Miranda-Sanchaez filed this civil rights action on October 18, 2016. At all relevant times, he was confined at the Floyd County Jail. He is currently incarcerated at

Putnamville Correctional Facility. He alleges that although he did not know anything about any big drug dealers or cartel gangs, police and detectives kept asking him time and time again. He alleges that one night he was woken up out of his sleep and kicked, hit and punched by a confidential informant in his cell, causing serious injury. He asserts that Floyd County Jail officials put the confidential informant in his cell "knowing we should be separate." He has named the following defendants: 1) Floyd County Jail, 2) Deputies of Sheriff of Floyd County; 3) James D. Sprinkle, confidential informant inmate; 4) and Keith Andrew Henderson, prosecuting attorney. He seeks monetary damages and other injunctive relief.

Because Mr. Miranda-Sanchaez is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A to screen his complaint and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleadings standards,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted).

The Court discerns that the plaintiff's claims are brought pursuant to 42 U.S.C. § 1983. To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the United States Constitution or federal laws. *London v. RBS Citizens, N.A.,* 600 F.3d 742, 745-46 (7th Cir. 2010). For the

reasons explained in this Entry, the claims asserted in the complaint fail to state a claim upon which relief can be granted.

First, any claim against the Floyd County Jail is **dismissed for failure to state a claim upon which relief can be granted** because the jail is a building, not a person suable under section 1983.

Giving the complaint a liberal reading, the Court discerns that the plaintiff claims that Sheriff Deputies failed to protect him from harm by placing Mr. Sprinkle, the confidential informant, in his cell at a time when they knew they should not be cell-mates. Aside from not identifying the Sheriff Deputies by name, (claims cannot proceed against unnamed defendants), it appears that any constitutional claim would be barred as untimely. The attachments to the complaint reflect that the assault by Mr. Sprinkle occurred on October 8, 2011, five years ago. "Suits under § 1983 use the statute of limitations and tolling rules that states employ for personal-injury claims." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). In Indiana, the applicable statute of limitations period is two years. Ind. Code § 34–11–2–4. Even though the statute of limitations is an affirmative defense, the Court may dismiss a claim on the pleadings if the defense "is so plain from the face of the complaint that the suit can be regarded as frivolous." *Best v. City of Portland,* 554 F.3d 698, 700 (7th Cir. 2009). The Court takes judicial notice of the fact that the plaintiff was sentenced in January of 2012, suggesting that he was not rendered incapacitated by the assault for a length of time that would impair his ability to file suit. *See* Indiana Department of Correction website Inmate Locator (www.in.gov/apps/indcorrection/ofs). There is no allegation that the plaintiff was somehow prevented from bringing this action at an earlier time.

The Court discerns that the plaintiff's claim against Mr. Sprinkle is assault and battery, but these state law claims against a non-state actor do not belong in federal court. In a section 1983 claim, private persons "may not be sued for merely private conduct, no matter how discriminatory or wrongful." *London,* 600 F.3d at 746. (internal quotation omitted). "For a private actor to act under color of state law he must have had a meeting of the minds and thus reached an understanding with a state actor to deny plaintiffs a constitutional right." *Wilson v. Warren County, Ill,* 830 F.3d 464 (7th Cir. 2016) (internal quotation omitted). There is no allegation that Mr. Sprinkle planned with jail or law enforcement officials that he was going to assault the plaintiff. Rather, the incident reports reflect that Mr. Sprinkle was making a lot of noise and the plaintiff told him he was trying to sleep. It was then that Mr. Sprinkle came over to the plaintiff's bunk and started hitting him. These circumstances do not create private actor liability. In addition, the timeliness issue is also a barrier in this Court. Here, because Mr. Sprinkle did not act under color of state law, the plaintiff **has failed to state a claim upon which relief can be granted.**

Finally, not only are there no specific allegations asserted against prosecutor Henderson, but he has absolute immunity from suit. The United States Supreme Court, in *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427; *see also Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012) ("A prosecutor is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties."). Any claim asserted against Prosecutor Henderson is **dismissed for failure to state a claim upon which relief can be granted.**

For all of the reasons explained above, the complaint fails to contain a legally viable claim over which this Court could exercise subject matter jurisdiction.

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint fails to state a claim upon which relief can be granted as a matter of law and is therefore **dismissed pursuant to 28 U.S.C. § 1915A**.

### III.  Further Proceedings

The plaintiff shall have **through November 30, 2016,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry without further notice.

Date: 10/21/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

MARCOS  MIRANDA-SANCHAEZ
224102
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135