UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MARCOS MIRANDA-SANCHAEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:16-cv-00405-WTL-DKL |
| ) | |
| FLOYD CO. JAIL, ) | |
| DEPUTIES OF SHERIFF OF FLOYD CO., ) | |
| JAMES D. SPRINKLE Inmate -- C.I. -- ) | |
| Suspect, ) | |
| KEITH ANDREW HENDERSON Prosecuting ) | |
| Atty. -- Floyd Co., et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Second and Third Amended Complaints,
Dismissing Action, and Directing Entry of Final Judgment**

Plaintiff Miranda-Sanchaez filed this civil rights action under 42 U.S.C. § 1983, on October 18, 2016, based on an incident that occurred on or about October 8, 2011, when he was assaulted by another inmate at Floyd County Jail ("Jail"). He alleges that Jail officials put the other inmate in his cell knowing that they should be separated. In his original complaint, he named the Jail, unnamed sheriff deputies, the inmate who assaulted him, and the county prosecuting attorney as defendants. In screening the complaint, the Court construed the claim against the sheriff deputies as a failure to protect claim and dismissed it, in part, because no sheriff deputies were identified by name and "John Doe" claims are not placeholders in district court. The Court also dismissed those claims because they were barred by the two-year statute of limitations. The Court dismissed all claims, and directed the plaintiff to show cause why the action should not be dismissed for failure to state a claim upon which relief can be granted. Dkt. 5.

The plaintiff responded to the order to show cause by filing an amended complaint, which the Court also screened. The plaintiff identified more individual officers who allegedly failed to protect him. He also added claims against public defenders. The Court dismissed the public defender defendants and dismissed the failure to protect claims again on the basis of being time-barred. Again, the plaintiff was given an opportunity to show cause why the action should not be dismissed as untimely.

In response to the second order to show cause, the plaintiff filed a second and a third amended complaint on February 2, 2017, and February 22, 2017, respectively. The third amended complaint supersedes the second amended complaint, so the Court will now screen the third amended complaint pursuant to 28 U.S.C. § 1915A. In accordance with that statute, a Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. *Id.*

The third amended complaint names as defendants the Sheriff of Floyd County, Floyd County Commissioners, Cpl. Kenneth Mayberry, medical officer Chad Phillips, Officer Travis Sands, and inmate James Sprinkle. The plaintiff again alleges that he was battered by Mr. Sprinkle on or about October 8, 2011, and that the defendants acted with deliberate indifference to his health and safety by putting him in the same cell block as Mr. Sprinkle. The plaintiff alleges that he suffered serious injuries.

As noted in the Court's first and second screening Entries, even though the statute of limitations is an affirmative defense, the Court may dismiss a claim on the pleadings if the defense "is so plain from the face of the complaint that the suit can be regarded as frivolous." *Best v. City of Portland,* 554 F.3d 698, 700 (7th Cir. 2009). The plaintiff responds to the issue of

timeliness by alleging that after beginning to recover from his injuries, he obtained a new criminal defense attorney, Mr. Renn. He alleges that Mr. Renn promised the plaintiff on several occasions that he would prepare documents for a civil suit. The plaintiff alleges that letters were exchanged for almost five years, including as recently as September 7, 2016. Days before the plaintiff filed this action, he received a message from his attorney telling him to "seek other counsel." Dkt. 21, p. 5. The plaintiff alleges that his late filing was caused by the delay of his attorney.

The Court has considered whether the doctrine of equitable tolling may be applicable under the circumstances alleged by the plaintiff. "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Knauf Insulation, Inc. v. Southern Brands, Inc.,* 820 F.3d 904, 908 (7th Cir. 2016) (internal quotation omitted).

"Although a lawyer's error in allowing a statute of limitations to run is not the type of extraordinary circumstance justifying equitable tolling, the error may give rise to liability for malpractice." *Rosado v. Gonzalez,* 832 F.3d 714, 717 n. 3 (7th Cir. 2016) (citing *Modrowski v. Mote,* 322 F.3d 965, 967 (7th Cir. 2013)) (attorney negligence is *not* grounds for equitable tolling"). "A lawyer's ineptitude does not support equitable tolling." *Lee v. Cook County, Ill,* 635 F.3d 969, 973 (7th Cir. 2011); *see also Lakin v. Skaletsky,* 327 Fed.Appx. 636, 637 (7th Cir. May 13, 2009) (Neither an attorney's "abandonment of the case nor the attorney's false assertions about its status are grounds for equitable tolling.").

"[A] statute of limitations is intended primarily for the benefit of the defendant, to protect him from having to defend against stale claims." *Stephan v. Goldinger,* 325 F.3d 874, 876 (7th

Cir. 2003). "'Statutes of limitation…are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'" *Id.* (quoting *Order of Railroad Telegraphers v. Railway Express Agency, Inc.,* 321 U.S. 342, 348-49 (1944)). "'The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.'" *Id.* (quoting *Order of Railroad Telegraphers,* 321 U.S. at 349).

In other words, if a plaintiff argues that his attorney is to blame for not filing an action in a timely manner, the remedy is for a malpractice claim against the attorney, not finding that the claim was, in fact, timely filed.

The plaintiff has had ample opportunities to show cause why this action should not be dismissed for failure to state a claim upon which relief can be granted because it was filed long after the applicable statute of limitations expired. He has attempted to do so, but the Court finds that equitable tolling does not apply here. For the reasons explained in this Entry and the two other screening Entries, dkt. nos. 5 and 9, this action must be **dismissed pursuant to 28 U.S.C. § 1915A**. Judgment consistent with this Entry shall now issue.

Date: 3/17/17

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

MARCOS  MIRANDA-SANCHAEZ
224102
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135